LOS ANGELES POLICE PROTECTIVE LEAGUE, Plaintiff—Appellant,

v.

UNITED STATES; John Ashcroft, in his official capacity; City of Los Angeles; City of Los Angeles Board of Police Commissioners; Los Angeles Police Department, Defendants—Appellees.

No. 01–55084.

D.C. No. CV–00–11750–TJH.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 6, 2002.

Decided April 22, 2002.

Before BROWNING, THOMAS, and RAWLINSON, Circuit Judges.

MEMORANDUM*

The Los Angeles Police Protective League (the "Police League") appeals from the district court's *sua sponte* dismissal of the Police League's complaint, which sought declaratory and injunctive relief regarding a separate lawsuit in which the United States, the City of Los Angeles, the City of Los Angeles Board of Police Commissioners, and the Los Angeles Police Department ("LAPD") are negotiating a consent decree. Because the parties are

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

familiar with the factual and procedural history of the case, we do not recount it here.

"A lawsuit seeking federal declaratory relief must first present an actual case or controversy within the meaning of Article III, section 2 of the United States Constitution." *Government Employees Ins. Co. v. Dizol,* 133 F.3d 1220, 1222 (9th Cir.1998) (en banc) (citing *Aetna Life Ins. Co. v. Haworth,* 300 U.S. 227, 239–40, 57 S.Ct. 461, 81 L.Ed. 617 (1937)). In order to present an actual case or controversy, a plaintiff must allege that he or she has suffered, or is in immediate danger of suffering, an "injury in fact." *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992). Such an injury must be "an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical." *Id.* (internal quotation marks and citations omitted).

Here, the Police League sought to invoke federal judicial power primarily to redress potential prospective problems with a consent decree pending before another federal district court. Because the harm alleged is not imminent, the harm upon which Article III jurisdiction is premised is conjectural, and no justiciable Article III case or controversy is presented.

To the extent that the Police League wishes to redress its grievances with the consent decree, its appropriate remedy is either to seek intervention in the pending federal case out of which the consent decree arises, as it has done, or to seek redress of specific and particularized harms as they accrue. It is not proper to mount a collateral challenge to the consent decree in a separate federal district court action before a different judge. *Dennison v. City of Los Angeles Dep't of Water & Power,* 658 F.2d 694, 695–96 (9th Cir.1981).

**AFFIRMED.**